Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| SONNELL FLEET SOLUTIONS II, LLC<br><br>Recurrente<br><br>V.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO DE PATILLAS<br><br>Recurrido | KLRA202400170 | *Revisión de Decisión Administrativa* procedente del Municipio de Patillas<br><br>Subasta Núm.: SM2023-005<br><br>Sobre: Impugnación de Subasta |
|---|---|---|

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 10 de abril de 2024.

El 2 de abril de 2024, compareció ante este Tribunal de Apelaciones Sonnell Fleet Solutions II, LLC (en adelante, parte recurrente o Sonnell), mediante *Revisión Administrativa.* Nos solicita la revisión de la adjudicación de la *Subasta de Solicitud de Propuestas para Servicios de Mantenimiento y Reparación a la Flota Vehicular Adquirida con Fondos de la Administración Federal de Transporte (FTA, por sus siglas en Inglés) del Municipio de Patillas*, emitida el 20 de marzo de 2024 y notificada el 27 de marzo de 2024, por la Junta de Subastas del Municipio de Patillas (en adelante, parte recurrida o Junta de Subastas).

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción, debido a la notificación defectuosa del Aviso de la adjudicación de la subasta en cuestión.

### I

Conforme surge del expediente ante nuestra consideración, el 15 de febrero de 2024, la Junta de Subastas del Municipio de

Número Identificador

SEN2024 _____

Patillas (en adelante, la Junta de Subastas) publicó *Aviso Público* (en adelante, *Aviso*) mediante el cual solicitó propuestas selladas para la Contratación de servicios de mantenimiento y reparación a la flota vehicular adquirida con fondos de la Administración Federal de Transporte (FTA, por sus siglas en inglés) de dicho Municipio.[1]

Luego de solicitar los pliegos de subasta, la parte recurrente presentó su *Propuesta de Mantenimiento y Reparación de Flota FTA* el 5 de marzo de 2024.

Subsiguientemente, la Junta de Subastas le remitió a la parte recurrente mediante correo certificado con acuse de recibo número 7014 1820 0001 7931 8161, una comunicación fechada 20 de marzo de 2024[2], en la que le notificó lo siguiente:

> [........]
> En cumplimiento con la Ley Núm. 107 del 14 de agosto de 2020, conocida como Ley de Código Municipal de Puerto Rico, según enmendada, de acuerdo con el Artículo 2.040 "Funciones y Deberes de la Junta de Subasta" se informa lo siguiente:
>
> El jueves, 15 de febrero de 2024 se publicó en el periódico Primera Hora un anuncio donde se solicitaban ***Propuestas para Servicios de Mantenimiento y Reparación a la Flota Vehicular Adquirida con Fondos de la Administración Federal de Transporte (FTA, por sus siglas en Inglés) del Municipio de Patillas***; [i]nformando que deberían ser sometidas las propuestas en o antes del martes, 05 de marzo de 2024 hasta las 12:00m.
>
> Celebrada la apertura de la subasta el día 05 de marzo de 2024, para Solicitud de ***Propuestas para Servicios de Mantenimiento y Reparación a la Flota Vehicular Adquirida con Fondos de la Administración Federal de Transporte (FTA, por sus siglas en Inglés) del Municipio de Patillas***; comparecieron los siguientes licitadores:

---

[1] En el aludido *Aviso* se indicó que los licitadores interesados podrían obtener los pliegos de especificaciones antes de la reunión pre-subasta, en la Oficina de Secretaría Municipal dentro del horario establecido por el Municipio, así como mediante solicitud vía correo electrónico a: subastamunicipiopatillas@gmail.com. Los proponentes debían entregar sus propuestas en una (1) original y una (1) copia digital en formato PDF en sobres sellados, en la Oficina de Secretaría Municipal, cuya fecha límite era el 05 de marzo de 2024, a las 12:00m. Véase Anejo 1 del Apéndice del recurso.
[2] El matasellos de correo estampado en el sobre remitido por la Oficina Secretaría Municipal del Municipio de Patillas a Sonnell Fleet Solutions II, tiene fecha del 27 de marzo de 2024.

- JE SALES & SERVICES, INC
- SONNELL FLEET SOLUTIONS II

Constituida la Junta de Subasta el 19 de marzo de 2024 para evaluar las propuestas presentadas por las compañías, le notificamos que luego de realizar un análisis exhaustivo de los documentos y propuestas recibidas, la Junta de Subasta por decisión unánime, determinó **Adjudicar** la Subasta de *Solicitud de Propuestas para Servicios de Mantenimiento y Reparación a la Flota Vehicular Adquirida con Fondos de la Administración Federal de Transporte (FTA, por sus siglas en Inglés) del Municipio de Patillas*; a la compañía **JE SALES & SERVICES, INC.**[,] ya que la propuesta presentada por la compañía representa los mejores intereses para el Municipio de Patillas.

El licitador que no estuviere de acuerdo con la determinación contenida en la presente comunicación tiene derecho a solicitar una reconsideración ante el Tribunal de Apelaciones del Estado Libre Asociado de Puerto Rico, en un período de diez (**10**) días a partir del depósito en el correo de la presente notificación (Art. 1.050 de este Código)[.]

[........]

Yo, Ryan Lebrón Rivera, en mi carácter de Secretario Municipal del Municipio de Patillas, **CERTIFICO**, haber archivado una copia del presente Aviso en el expediente oficial de la Subasta Informal Solicitud de Propuestas para Servicios de Inspección y haber enviado la original a todos los licitadores a sus direcciones de registro. [........] (Énfasis en el original)

En desacuerdo con tal adjudicación, Sonnell compareció el 2 de abril de 2024 ante este foro revisor, y hace los siguientes señalamientos de error:

1. Erró la Junta de Subastas al no fundamentar adecuadamente y con razones que surgiesen de los pliegos de la subasta sus fundamentos para la adjudicación de la Subasta.

2. Erró la Junta de Subasta al no fundamentar las razones de interés público por las cuales fue adjudicada la subasta.

Simultáneamente, la parte recurrente presentó ante este foro revisor, *Urgente Moción en Auxilio de Jurisdicción*, la cual declaramos Ha Lugar, mediante *Resolución* emitida ese mismo día. Más tarde, ese mismo día 2 de abril de 2024, la parte recurrente presentó ante

nos, *Moción Acreditando Notificación,* respecto a la cual nos damos por enterados.

Como se sabe, a virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente. Conforme a lo anterior, procedemos a disponer del recurso sin el beneficio de la comparecencia de la parte recurrida.

**II**

### A. *Jurisdicción*

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Beltrán Cintrón et al v. ELA et al,* 204 DPR 89 (2020), *Torres Alvarado v Madera Atiles,* 202 DPR 495 (2019); *S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Torres Alvarado v Madera Atiles,* supra, pág. 500; *González v. Mayagüez Resort & Casino,* 176 DPR 848, 856 (2009). La ausencia de jurisdicción puede ser levantada *motu proprio,* ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374 (2020); *Torres Alvarado v Madera Atiles,* supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Suffront v. A.A.A.,* 164 DPR 663, 674 (2005).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[3], confiere facultad a este Tribunal para a

---

[3] 4 LPRA Ap. XXII-B, R. 83.

iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. *Request for Proposal y notificación de adjudicación*

Como es sabido, en nuestra jurisdicción, la contratación gubernamental de todo tipo de servicios está revestida del más alto interés público, pues persigue fomentar la inversión adecuada, responsable y eficiente de los recursos del Estado. *SLG Ortiz-Mateo v. ELA*, 211 DPR 772, 794 (2023); *Super Asphalt v. AFI y otro*, 206 DPR 803, 820 (2021); *ECA Gen. Contract v. Mun. de Mayagüez*, 200 DPR 665, 672 (2018). Con el fin de lograr lo antes mencionado, el gobierno utiliza los procedimientos de subasta o RFP como mecanismo de adquisición de bienes y servicios, para así proteger el erario y garantizar que se realicen sus funciones administrativas responsablemente. *Trans Ad de P.R. v. Junta de Subastas*, 174 DPR 56, 66 (2008); *Marina v. Comisión*, 170 DPR 847, 854 (2007). Véase, *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 531 (2019); *St. James Security v. AEE*, y otros, 2023 TSPR 149 (2023).

En *Puerto Rico Asphalt, v. Junta*, 203 DPR 734, 737 (2019), nuestro Más Alto Foro explicó que, el propósito primordial de estos dos vehículos procesales es proteger el erario, al fomentar la libre y diáfana competencia entre el mayor número de licitadores posibles. Puesto que, el proceso de contratación de servicios por las agencias del gobierno, está revestido del más alto interés público, debido a que busca promover la inversión adecuada, responsable y eficiente de los recursos del Estado[4]. Con ello, se pretende maximizar la posibilidad del Gobierno para obtener el mejor contrato, mientras se protegen los intereses y activos del pueblo contra el dispendio, el favoritismo, la corrupción y el descuido al otorgarse contratos.[5]

---

[4] *Super Asphalt v. AFI y otro*, 206 DPR 803, 820 (2021).
[5] *Transporte Rodríguez v. Jta. Subastas,* 194 DPR 716–717 (2016).

En nuestro ordenamiento jurídico no existe una legislación especial que regule los procesos de subasta. Corresponde a cada ente gubernamental ejercer su poder reglamentario para establecer el procedimiento y las guías que han de seguir en sus subastas para la adquisición de bienes y servicios. Aunque la Ley Núm. 38-2017, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU),[6] reglamenta ciertos aspectos de las subastas, esta legislación excluyó de la definición de agencia a los municipios. Por lo que, a estos no les aplican las disposiciones de esta ley.[7] A esos efectos, las subastas que celebren los municipios quedan reguladas por el Código Municipal de Puerto Rico[8].

El Art. 2.040 del Código Municipal, esboza los criterios de adjudicación de las subastas. En lo pertinente, respecto a la notificación de la adjudicación de subasta, en su inciso (a) dispone lo siguiente:

> La Junta entenderá y adjudicará todas las subastas que se requieran por ley, ordenanza o reglamento y en los contratos de arrendamiento de cualquier propiedad mueble o inmueble y de servicios, tales como servicios de vigilancia, mantenimiento de equipo de refrigeración y otros.
>
> a. Criterios de adjudicación — Cuando se trate de compras, construcción o suministros de servicios, la Junta adjudicará a favor del postor razonable más bajo. En el caso de ventas o arrendamiento de bienes muebles e inmuebles adjudicará a favor del postor más alto. La Junta hará las adjudicaciones tomando en consideración que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta. La Junta podrá adjudicar a un postor que no sea necesariamente el más bajo o el más alto, según sea el caso, si con ello se beneficia el interés público. En este caso, la Junta deberá hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifican tal adjudicación. La adjudicación de una subasta será notificada a todos los licitadores certificando el envío de

---

[6] 3 LPRA sec. 9601 *et seq.*
[7] *Puerto Rico Asphalt v. Junta,* supra, págs. 737-738.
[8] Ley Núm. 107 de 14 de agosto de 2020, según enmendada.

dicha adjudicación mediante correo certificado con acuse de recibo, o mediante correo electrónico, si así fue provisto por el licitador o licitadores. En la consideración de las ofertas de los licitadores, la Junta podrá hacer adjudicaciones por renglones cuando el interés público así se beneficie. **La Junta de Subasta notificará a los licitadores no agraciados las razones por las cuales no se le adjudicó la subasta**. Toda adjudicación tendrá que ser notificada a cada uno de los licitadores, apercibiéndolos del término jurisdiccional de diez (10) días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones, de conformidad con el Artículo 1.050 de este Código.[9] (Énfasis nuestro)

Por otro lado, el *Reglamento para la Administración Municipal*, Reglamento Núm. 8873 del 19 de diciembre de 2016 (Reglamento Núm. 8873) establece las normas y las guías administrativas para los procedimientos de subastas.

Cabe destacar que, "[e]l derecho a cuestionar [cierta] adjudicación de una subasta mediante el proceso de revisión judicial es parte del debido proceso de ley".[10] *PVH Motor v. ASG*, 209 DPR 122, 132 (2022). Véase, *PR Eco Park et al. v. Mun. de Yauco*, supra. Por lo tanto, para poder ejercer su derecho, es indispensable que las notificaciones que se realicen durante estos procesos sean efectuadas correctamente a todas las partes. *PVH Motor v. ASG*, supra, pág. 132; *PR Eco Park et al. v. Mun. de Yauco*, supra; *IM Winner, Inc. v. Mun. de Guayanilla*, 151 DPR 30, 35 (2000). En específico, "se debe advertir del derecho de las partes a procurar la

---

[9] 21 LPRA sec. 7216(a).

[10] Como es sabido, el Artículo II, Sección 7, de la Constitución del Estado Libre Asociado de Puerto Rico prohíbe que cualquier persona sea privada de su libertad o propiedad sin un debido proceso de ley. LPRA, Tomo 1, ed. 2023, pág. 305. Al examinar el alcance de la mencionada cláusula constitucional, el Tribunal Supremo de Puerto Rico ha sentenciado que la doctrina del debido proceso de ley tiene dos (2) acepciones: la sustantiva y la procesal. *PVH Motor v. ASG*, supra, pág. 130; *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 394 (2018); *Domínguez Castro et al. v. E.L.A. I*, 178 DPR 1, 35 (2010). En específico, la Alta Curia ha establecido que la vertiente sustantiva del debido proceso de ley busca proteger y salvaguardar los derechos fundamentales de las personas, mientras que su vertiente procesal obliga al Estado a garantizar que la interferencia en los intereses de libertad y propiedad del individuo se haga mediante un proceso justo e imparcial. *PVH Motor v. ASG*, supra; *Fuentes Bonilla v. ELA et al.*, supra; *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, 133 DPR 881, 887–888 (1993). Estas garantías constitucionales se extienden no solo al ámbito judicial sino también al administrativo. *PVH Motor v. ASG*, supra; *Fuentes Bonilla v. ELA et al.*, supra; *Aut. Puertos v. HEO*, 186 DPR 417, 428 (2012); *Báez Díaz v. E.L.A.*, 179 DPR 605, 623 (2010).

revisión judicial; el término disponible para hacerlo y la fecha del archivo en autos de una copia de la notificación". *St. James Security v. AEE, y otros*, supra, citando a *PVH Motor v. ASG*, supra, pág. 132. Véase, *IM Winner, Inc. v. Mun. de Guayanilla*, supra.

A esos efectos, nuestra última instancia judicial ha sentenciado que una notificación defectuosa de una determinación tomada por las agencias administrativas priva de jurisdicción al foro revisor para entender el asunto en disputa, lo que impide que comience a transcurrir el término para recurrir de cualquier determinación administrativa y, consecuentemente, violenta el derecho al debido proceso de ley de la parte afectada. *PVH Motor v. ASG*, supra, pág. 132; *PR Eco Park et al. v. Mun. de Yauco*, supra, pág. 538; *Toro Alvarado v. Madera Atiles*, 202 DPR 495, 502 (2019).

Respecto al aviso de adjudicación de subastas, la Sec. 13 de la Parte II del aludido reglamento preceptúa la obligación del Presidente de la Junta de emitir una notificación de adjudicación o determinación final por escrito y por correo certificado con acuse de recibo a todos los licitadores que participaron en la subasta. En cuanto al contenido del aviso de adjudicación o la determinación final de subastas, el inciso (3) de esa sección dispone que la notificación debe contener la información siguiente: *(a) el nombre de los licitadores; (b) una síntesis de las propuestas sometidas; (c) los* **factores o criterios que se tomaron en cuenta para adjudicar la subasta y las razones para no adjudicar a los licitadores perdidosos**; *(d) el derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, y el término para ello, que es en el término jurisdiccional de diez días contados desde el depósito en el correo de la notificación de adjudicación; y (e) la fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el*

*término para impugnar la subasta ante el Tribunal de Apelaciones.* (Énfasis nuestro).

Nuestro Máximo Foro, en el caso de *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525 (2019), dispuso que, para que una notificación de subasta sea correcta debe cumplir con los siguientes requisitos: (1) estar por escrito; (2) enviarse a cada uno de los licitadores por correo regular y certificado con acuse de recibo; (3) advertirle a los participantes el derecho a solicitar la revisión judicial ante el Tribunal de Apelaciones; (4) indicar que el término de diez días para ir en alzada es de carácter jurisdiccional; (5) señalar la fecha del archivo en autos de la copia de la notificación de la adjudicación y la fecha del depósito de la notificación en el correo y que a partir de esta última es que se activa el plazo para acudir al Tribunal de Apelaciones[11]. Asimismo, deberá contener la siguiente información: nombre de los licitadores, síntesis de las propuestas sometidas, **factores o criterios que fueron tomados en consideración para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos**.[12] (Énfasis nuestro).

Por último, sobre la exigencia de fundamentar la adjudicación de una subasta por una agencia administrativa, en *LPC & D, Inc. v. AC,* 149 DPR 869, 877–888 (1999), nuestro Tribunal Supremo señaló que "para que este Tribunal pueda cumplir con su obligación constitucional y asegurar que el derecho a obtener la revisión judicial de una decisión de una agencia sea efectivo, *es imprescindible exigir que ella esté fundamentada,* aunque sea de forma sumaria". (Énfasis suplido)[13] Si la parte adversamente afectada por la determinación de la agencia desconoce los fundamentos que propiciaron su decisión, "el trámite de la revisión

---

[11] A la página 538.
[12] *Íd,* pág. 537.
[13] Véase, además, *RBR Const., SE v. AC,* 149 DPR 836 (1999).

judicial de la determinación administrativa se convertiría en un ejercicio fútil".[14] En ese sentido, "[n]o *basta con informar la disponibilidad y el plazo para solicitar la reconsideración y la revisión*". (Énfasis suplido).[15] Además, una notificación fundamentada permite que los tribunales puedan "revisar efectivamente los fundamentos para determinar si la determinación de la junta ha sido arbitraria, caprichosa o irrazonable", más aún en el caso de subastas públicas, en virtud de las cuales se desembolsan fondos públicos.[16] Por ello, "'[so]lo *a partir de la notificación así requerida es que comenzará a transcurrir el término para acudir en revisión judicial*". (Énfasis en el original).[17]

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nuestra consideración.

**III**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso presentado. Veamos.

Según reseñáramos, la Junta de Subastas emitió el 20 de marzo de 2024, notificado el 27 de marzo de 2024, *Aviso de Adjudicación*, donde le adjudicó la buena pro de la subasta a la compañía JE Sales & Services, Inc., bajo el fundamento de que "la propuesta presentada por la compañía representa los mejores intereses del Municipio de Patillas."

Conforme el derecho expuesto, el Código Municipal, *supra*, el Reglamento Núm. 8873 y la jurisprudencia, exigen que en el aviso de adjudicación se incluyan los factores o criterios que se tomaron

---

[14] *Id.*

[15] *Puerto Rico Asphalt v. Junta,* supra, citando a: *LPC & D., Inc. v. AC,* 149 DPR 869, 878 (1999).

[16] Véase: JA Echevarría Vargas, *Derecho administrativo puertorriqueño,* 4ta ed. rev., San Juan, Ed. Situm, 2017, pág. 297. Véanse, además: *Transporte Rodríguez v. Jta. Subasta,* supra, pág. 721; *LPC & D, Inc. v. AC,* supra, pág. 879.

[17] *Puerto Rico Asphalt v. Junta,* supra, citando a *PR Eco Park et al. v. Mun. de Yauco,* supra, pág. 534; *IM Winner, Inc. v. Mun. de Guayanilla,* supra, pág. 38.

en consideración para adjudicar la subasta y las razones para no adjudicar a los licitadores perdidosos[18]. De un examen al expediente pudimos constatar que, el *Aviso de Adjudicación* no discute los factores por los cuales no adjudicaron la buena pro al licitador perdidoso.

En resumen, tal evaluación no fue debidamente fundamentada para que el licitador perdidoso pudiera apreciar los criterios de la adjudicación. Asimismo, omitieron discutir otras consideraciones como las cualificaciones profesionales y/o técnicas; recursos financieros y técnicos, las ejecuciones pasadas y reconocimiento profesional en la industria. La Junta de Subastas no incluyó ni discutió la totalidad de los criterios que utilizó para adjudicar la subasta, lo que convierte la notificación en una defectuosa.

Todo lo anterior nos priva de jurisdicción para entender en la impugnación de la subasta. No obstante, nada impide que, una vez la Junta de Subastas notifique adecuadamente, los licitadores perdidosos recurran la decisión.

**IV**

Por los fundamentos que anteceden, se desestima el recurso por falta de jurisdicción, por notificación defectuosa. De conformidad con lo aquí dispuesto, se levanta la paralización de los procedimientos ante la Junta de Subastas del Municipio de Patillas.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[18] Reglamento Núm. 8873, Sec. 13 Parte II; Art. 2.040(a) del Código Municipal; *PR Eco Park et al. v. Mun. de Yauco*, supra, pág. 537.